## In re NILES.

(No. 5,382.)

(Submitted March 18, 1924. Decided April 2, 1924.)

[224 Pac. 861.]

*Attorney and Client—Disbarment—Evidence—Sufficiency.*

1. Findings of the referee in a disbarment proceeding that the accused attorney had converted funds of clients to his own use, and failed to account therefor until charges were preferred against him when he gave his unsecured notes for the amounts due; that a purported mortgage on real property to secure a loan of a client's money was spurious; that he

Withholding client's money or property as grounds for disbarment of attorney, see note in 19 L. R. A. (n. s.) 414.

[70 Mont. 249.]

deliberately made false representations to a client with relation to money entrusted to his care for investment and was guilty of willful breach of trust, *held* sustained by the evidence, and sufficient to warrant disbarment.

In the Matter of the disbarment of E. M. Niles, Attorney. Disbarment ordered.

*Mr. John A. Matthews,* Special Prosecutor, for the State.

*Mr. Fred L. Gibson, Mr. Jas. F. O'Connor* and *Mr. Frank R. Arnold,* for Respondent.

## OPINION PER CURIAM.

E. M. Niles, a member of the bar of this state, was charged with misconduct in his profession upon complaint of John A. Matthews, special counsel appointed by this court. After the issues were made up, the matter was tried to I. W. Choate, referee, whose findings and recommendation are before us, together with the objections thereto made by counsel for the accused. Stated briefly, the referee finds in effect:

(1) That the accused attorney received $2,000 belonging to [1] his client, Hattie B. Murphy; that he converted the money to his own use, and, when finally called to account, gave his unsecured note for the amount.

(2) That the accused attorney received money belonging to his client Clara D. Clow; that he represented to his client that about $500 of the amount had been loaned to one Oliver Young upon real estate security; that Oliver Young was a fictitious person, and the purported mortgage spurious; that finally the accused gave his note to the executrix of the estate of Mrs. Clow to cover the sum and other moneys which he had received.

(3) That the accused attorney received $2,673.45 belonging to an estate for which he was attorney; that he paid over $1,250 of the amount, and converted the balance to his own use, and failed to account for it until after these charges were preferred against him.

[70 Mont. 249.]

(4) That as referee in bankruptcy the accused attorney in 1921 received $114.80, belonging to the First National Bank of Three Forks, which he converted to his own use, and failed and refused to account for it until after the preliminary investigation of these charges was made in October, 1923.

(5) That the accused received $1,300, belonging to Nellie E. Bates, for investment; that he represented to Miss Bates that the money had been invested in 320 acres of Park county land which was subject to a mortgage of $2,000, when in truth and in fact the accused caused his daughter to deed to Miss Bates an undivided one-half interest in 320 acres of land which was subject to three mortgages aggregating $3,850, and the land itself was of the value of only about $4,000; that the accused deliberately made false representations to Miss Bates, and was guilty of willful breach of trust.

No useful purpose would be served by an extended review of the evidence. We have made careful examination of it and conclude that each of the foregoing findings is fully sustained. The findings of the referee are accordingly adopted and the recommendation approved.

It is ordered, adjudged and decreed that E. M. Niles be, and he is hereby, disbarred as an attorney and counselor at law, and his name is ordered stricken from the roll of attorneys.

MR. JUSTICE STARK did not hear the argument and takes no part in the foregoing decision.